IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MEZIE ECHE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-2542-N |
| | § | |
| UT SOUTHWESTERN HEALTH | § | |
| SYSTEMS | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendant UT Southwestern Health Systems' ("UTSHS")

motion for summary judgment [20].  Because UTSHS never employed Plaintiff Mezie

Eche, the Court grants the motion.

## I. ORIGINS OF THE MOTION

This case arises out of an employment discrimination claim under Title VII of the

Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) ("Title VII") and the Age

Discrimination in Employment Act of 1967 (29 U.S.C. § 621) ("ADEA").  Eche alleges

that while he was employed with UTSHS he was repeatedly discriminated against based

on his race, age, gender and faced retaliation and a hostile work environment.  Compl. at

¶ 8 [3].  However, UTSHS is a nonprofit corporation that has had no employees since

September 1, 2004, and never employed Eche.  Def.'s Mot. Summ. J., Appx., Ex. 1 at 2

[22].  On February 24, 2024, counsel for UTSHS reached out to Counsel for Eche

explaining that UTSHS was never Eche's employer.  *See* Def.'s Mot. Summ. J., Appx., Ex.

MEMORANDUM OPINION AND ORDER – PAGE 1

4 at 9. UTSHS's counsel further explained that The University of Texas Southwestern Medical Center, an entity separate from UTSHS, was Eche's employer. *Id.* UTSHS's counsel requested that Eche voluntarily dismiss the claims against UTSHS, to which Eche never responded. As a result, UTSHS filed the instant motion seeking summary judgment on all claims against UTSHS. Eche filed no response.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

MEMORANDUM OPINION AND ORDER – PAGE 2

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (citing *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS THE MOTION FOR SUMMARY JUDGMENT

The Court grants UTSHS's motion for summary judgment because UTSHS is not an employer as defined by either Title VII or the ADEA and never employed Eche. Both Title VII and the ADEA prevent employers from discriminating based on certain protected categories. A defendant's status as an employer is necessary element of a discrimination claim under either statute. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("[T]he threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief."); *Robinson v. CATCO Catalytic Heater Co.*, 2022 WL 7662713, at *4 (N.D. Tex. 2022) ("If an entity is not an employer under the ADEA, then it is not subject to the ADEA prohibitions against age discrimination in employment."). An employer under Title VII is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C.A. § 2000e. An employer under ADEA is "a person engaged in an industry affecting commerce who has twenty or more employees

MEMORANDUM OPINION AND ORDER – PAGE 3

for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."  29 U.S.C. § 630(b).  During the relevant time period, UTSHS had no employees.  *See* Def.'s Mot. Summ. J., Appx., Ex. 1 at 2.  Therefore, UTSHS does not qualify as an "employer" under either Title VII or the ADEA.  Because UTSHS had no employees during the relevant time period, it follows that it could not have been Eche's employer.  Because UTSHS was never Eche's employer, or anyone's employer as defined under either statute, Eche's claims against UTSHS fail as a matter of law.**CONCLUSION**

For the foregoing reasons, the Court grants UTSHS's motion for summary judgment.  Accordingly, the Court dismisses all claims with prejudice.

Signed August 12, 2024.

David C. Godbey

Chief United States District Judge

MEMORANDUM OPINION AND ORDER – PAGE 4